IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

REBECCA HENDRYX,
    Plaintiff,

v.                                        Civil Action No. _____

MAXWELL HAIRSTON,
    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Rebecca Hendryx ("Hendryx"), by and through counsel, and for her complaint against Defendant, Maxwell Hairston ("Hairston") states as follows:

## PARTIES

1.    Plaintiff, Hendryx, is and was at all times relevant herein a citizen of the State of Ohio. From approximately August 2020 through May 2021, Hendryx was enrolled as an undergraduate student at the University of Kentucky and resided in an on-campus residence hall in Lexington, Kentucky.

2.    Upon information and belief, Defendant, Hairston, was at all times relevant herein a citizen of the State of Michigan and is currently a resident of the State of New York. He is not, and was not at any relevant time, a citizen of the State of Ohio. Upon information and belief, Hairston was enrolled as an undergraduate student at the University of Kentucky and resided in an on-campus residence hall in Lexington, Kentucky between the years 2021 to 2024.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the value of $75,000, exclusive of interest and costs, and the parties are citizens of different states, as set forth above.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, specifically in Lexington, Kentucky, where the assault took place.

## FACTS

5. Plaintiff began attending the University of Kentucky in August 2020 and resided in an on-campus residence hall.

6. At all relevant times, Defendant, a student-athlete on the University of Kentucky's football team, lived in the same on-campus residence hall as Plaintiff.

7. Plaintiff first met Defendant in early 2021 outside of their residence hall.

8. Later that same day, Plaintiff had a second encounter with Defendant in the Defendant's dorm room. During the interaction, Defendant made Plaintiff feel uncomfortable when he attempted to isolate her in his bedroom and, therefore Plaintiff left Defendant's dorm room.

9. Later that same evening, Defendant messaged Plaintiff via Snapchat, a social media application. Defendant requested to meet back up with Plaintiff to engage in sexual activity with her. Plaintiff declined.

10. Upon information and belief, after the above-mentioned exchange, Plaintiff and Defendant had no further interaction until the night Defendant sexually assaulted her.

### *Defendant Hairston's Sexual Assault of Plaintiff*

11.     Late in the evening on March 24 and/or in the early morning hours of March 25, 2021, Defendant came over to Plaintiff's dorm room without being invited and knocked on the door. Plaintiff inquired about the purpose of Defendant's visit, to which Defendant responded that he wanted to hang out with Plaintiff. Plaintiff declined and further expressed that she was tired and going to bed before turning around and walking away from the door.

12.     Defendant, without Plaintiff inviting or asking him to come in, entered the Plaintiff's dorm room before the door could shut. Plaintiff re-iterated that she was tired, but the Defendant expressed that he was "high as fuck" and was "trying to have sex." Plaintiff then walked into her bedroom and Defendant followed.

13.     Soon after entering her room, Defendant continued to pursue efforts to have sexual intercourse with Plaintiff. Plaintiff continued to re-iterate that she was tired, wanted to go to bed, and suggested they hang out on another occasion.

14.     Despite Plaintiff expressing to Defendant her non-interest in engaging in sexual intercourse with him several times, Defendant forcefully removed Plaintiff's pajama shorts. Plaintiff then pulled her pajama shorts back up. Defendant told her, "I know you want to [have sex]." Thereafter, Defendant removed Plaintiff's shorts and penetrated Plaintiff's vagina with his penis without her consent.

15.     After ejaculating into a condom that he had brought with him, Defendant disposed of the condom in Plaintiff's garbage can and exited Plaintiff's dorm room.

### *Post-Sexual Assault Events*

16.     After Defendant left Plaintiff's dorm room, Plaintiff began to process what had just occurred and became emotionally upset. Scared and crying, she contacted a close friend for

guidance, who encouraged her to contact law enforcement to report what had occurred. Plaintiff subsequently filed a police report with local law enforcement within hours of the assault.

17. Upon arriving at the Plaintiff's dorm room, police officers collected the condom Defendant left in the trash can and the clothes Plaintiff had been wearing.

18. After speaking with the police, Plaintiff went to the hospital to receive a Sexual Assault Nurse Examiner ("SANE") exam.

19. As a result of the trauma Plaintiff experienced from the sexual assault, she ultimately transferred out of the University of Kentucky. The emotional and psychological harm she sustained made it impossible for her to continue her education in the same environment where the assault occurred.

20. Plaintiff's transfer disrupted her academic progress and resulted in additional educational, emotional, and financial burdens, which continue to affect her well-being and long-term career trajectory.

## COUNT I – CIVIL SEXUAL ASSAULT PURSUANT TO KRS § 413.2485

21. Plaintiff repeats and realleges all paragraphs set forth above as though set forth fully herein.

22. At all times relevant herein, there was in force and effect a statute in the State of Kentucky, KRS § 413.2485, which states, in pertinent part, that a person who suffers a physical or psychological injury or illness as a result of conduct that meets the criteria of certain enumerated sexual offenses may bring a civil action for damages.

23. At all times relevant herein, Defendant had a duty not to engage in conduct that constitutes a sexual offense under Kentucky law.

24. KRS § 510.040(1)(a) provides that a person is guilty of rape in the first degree when "he engages in sexual intercourse with another person by forcible compulsion."

25. Defendant's actions meet the elements of one or more of the sexual offenses listed in KRS § 413.2485, specifically KRS § 510.040(1)(a).

26. Defendant violated KRS § 413.2485 and KRS § 510.040(1)(a) in one or more of the following ways:

   a. Defendant engaged in sexual intercourse with Plaintiff by forcible compulsion in violation of KRS § 510.040(1)(a);

   b. Plaintiff repeatedly expressed disinterest in Defendant's verbal advances for sexual intercourse, which Defendant ignored;

   c. Plaintiff physically resisted Defendant's advances by pulling up her shorts, and only ceased her resistance after Defendant ignored her refusals and forcibly removed her shorts;

   d. Defendant penetrated Plaintiff's vagina with his penis without Plaintiff's consent.

27. Additionally, KRS § 510.110(1)(a) provides that a person is guilty of sexual abuse in the first degree when "he or she subjects another person to sexual contact by forcible compulsion."

28. Defendant subjected Plaintiff to sexual contact without her consent in violation of KRS § 510.110(1)(a) in one or more of the following ways:

   e. Defendant entered Plaintiff's room without invitation;

   f. Defendant initiated physical contact with Plaintiff's person without her consent;

   g. Defendant forcefully removed Plaintiff's shorts despite her repeated disinterest in engaging in sexual intercourse;

  h. Defendant penetrated Plaintiff's vagina with his penis without Plaintiff's consent.

29. KRS § 510.140(1) provides that a person is guilty of sexual misconduct when "he engages in sexual intercourse or deviant sexual intercourse with another person without the latter's consent."

30. Defendant engaged in sexual intercourse with Plaintiff without her consent in violation of KRS § 510.140(1), in one or more of the following ways:

  i. Defendant penetrated Plaintiff's vagina with his penis without Plaintiff's consent.

31. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has sustained and will continue to sustain severe emotional distress, psychological harm, economic losses, and other damages. The trauma Plaintiff experienced was so severe that she was forced to transfer universities, disrupting her education and resulting in additional academic, financial, and emotional consequences. She is entitled to compensatory and equitable damages and relief in an amount to be proven at trial. Defendant is liable to Plaintiff for all general, special, equitable, and punitive relief to which she is entitled under the law.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff repeats and realleges all paragraphs set forth above as though set forth fully herein.

33. At all times relevant herein, Defendant owed Plaintiff a duty to refrain from engaging in extreme and outrageous conduct.

34. On March 24 and/or 25, 2021, Defendant's actions, including his act of penetrating Plaintiff's vagina with his penis without Plaintiff's consent, was extreme and outrageous, and offended the generally accepted standards of decency and morality.

35. As a result of Defendant's aforesaid conduct, Plaintiff has suffered from extreme stress and severe emotional distress, causing her to leave her educational institution and incur medical expenses to treat her mental and emotional distress.

36. Defendant's conduct was intentional, reckless, and/or negligent and Defendant knew or should have known that severe emotional distress would likely result from his conduct.

37. Defendant knew or should have known that the sexual assault he committed against the Plaintiff was outrageous or intolerable and would result in severe emotional distress to the Plaintiff.

38. Defendant's nonconsensual acts were so extreme and outrageous that he violated human dignity and offended against the generally accepted standards of decency and morality.

39. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has sustained and will continue to sustain severe emotional distress, psychological harm, economic losses, and other damages. The trauma Plaintiff experienced was so severe that she was forced to transfer universities, disrupting her education and resulting in additional academic, financial, and emotional consequences. She is entitled to compensatory and equitable damages and relief in an amount to be proven at trial. Defendant is liable to Plaintiff for all general, special, equitable, and punitive relief to which she is entitled under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in her favor and against Defendant, and award the following relief:

1. Compensatory damages on all counts, including but not limited to:

    a. past and future emotional distress,

    b. psychological injury,

      c. loss of enjoyment of life,

      d. disruption to education, and

      e. medical and therapeutic expenses;

      f. financial expenses for the cost of transferring educational institutions.

2. Punitive damages on all counts, in an amount sufficient to punish Defendant for his willful and malicious conduct and to deter similar conduct in the future;

3. Pre-judgment and post-judgment interest as allowed by law;

4. Reasonable attorneys' fees and costs in accordance with applicable law;

5. Trial by jury on all issues so triable; and

6. Such other further relief as this Court in its discretion deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on any and all Counts so triable under applicable law.

**REBECCA HENDRYX,**
Plaintiff

*/s/David G. Bryant*
David G. Bryant (KYSB# 91351)
David Bryant Law, PLLC
600 W. Main St., Ste. 100
Louisville, KY 40202
Telephone: 502-540-1221
Fax: 502-540-1200
david@davidbryantlaw.com

*To be admitted Pro Hoc Vice:*

Jonathan P. Mincieli
Lauren E. Edmunds
MEYERS & FLOWERS, LLC
3 N 2nd St. Suite 300
St. Charles, IL 60174
jpm@meyers-flowers.com
lee@meyers-flowers.com
(630) 232-6333