UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

REBECCA HENDRYX,

        Plaintiff,

v.

MAXWELL HAIRSTON,

        Defendant.

Civil Action No. 5:25-cv-00224-KKC

**ANSWER**

---

Defendant Maxwell Hairston ("Hairston"), by and through counsel, and for his Answer to Plaintiff's Complaint, states as follows:

1. Hairston is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 1, and therefore denies same.

2. Hairston admits the allegations contained in numerical paragraph 2 of the Complaint, except denies that he lived on campus the entire time-period between 2021 and 2024.

3. Numerical paragraph 3 is a legal conclusion to which no response is required. To the extent that a response is required, Hairston denies the allegations in Paragraph 3.

4. As to the allegations contained in numerical paragraph 4, Hairston denies that an assault took place. The remaining allegations contained in numerical paragraph 4 are legal conclusions to which no response is required. To the extent that a response is required, Hairston denies the allegations in Paragraph 4.

5. Hairston is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 5, and therefore denies same.

6. Hairston denies the allegations contained in numerical paragraph 6 of the Complaint.

7. Hairston admits the allegations contained in numerical paragraph 7 of the Complaint.

8. Hairston admits he had a second encounter with the Defendant but denies the remaining allegations contained in numerical paragraph 8 of the Complaint.

9. Hairston denies the allegations contained in numerical paragraph 9 of the Complaint.

10. Hairston denies the allegations contained in numerical paragraph 10 of the Complaint.

11. Hairston denies the allegations contained in numerical paragraph 11 of the Complaint, except admits that he visited Plaintiff in her dorm room.

12. Hairston denies the allegations contained in numerical paragraph 12 of the Complaint, except admits that Plaintiff led Hairston to her bedroom.

13. Hairston denies the allegations contained in numerical paragraph 13 of the Complaint.

14. Hairston denies the allegations contained in numerical paragraph 14 of the Complaint.

15. Hairston admits the allegations contained in numerical paragraph 15 of the Complaint.

16. Hairston is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 16, and therefore denies same. To the extent that numerical paragraph 16 suggests Hairston sexually assaulted Plaintiff, Hairston denies same.

17. Hairston is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 17, and therefore denies same. To the extent that numerical paragraph 17 suggests Hairston sexually assaulted Plaintiff, Hairston denies same.

18. Hairston is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 18, and therefore denies same. To the extent that numerical paragraph 18 suggests Hairston sexually assaulted Plaintiff, Hairston denies same.

19. Hairston denies the allegations contained in numerical paragraph 19 of the Complaint.

20. Hairston denies the allegations contained in numerical paragraph 20 of the Complaint.

### COUNT I – CIVIL SEXUAL ASSAULT PURSUANT TO KRS 413.2485

21. In response to Paragraph 21, Hairston incorporates his foregoing responses.

22. The allegations contained in numerical paragraph 22 are statements of law to which no response is required. To the extent that a response is required, Hairston denies the allegations in Paragraph 22. To the extent that numerical paragraph 22 suggests Hairston sexually assaulted Plaintiff, Hairston denies same.

23. The allegations contained in numerical paragraph 23 are statements of law to which no response is required. To the extent that a response is required, Hairston denies the allegations in Paragraph 23. To the extent that numerical paragraph 23 suggests Hairston engaged in any conduct that constitute a sexual offense, Hairston denies same.

24. The allegations contained in numerical paragraph 24 are statements of law to which no response is required. To the extent that a response is required, Hairston denies the allegations

in Paragraph 24. To the extent that numerical paragraph 24 suggests Hairston sexually assaulted Plaintiff, Hairston denies same.

25. Hairston denies the allegations contained in numerical paragraph 25 of the Complaint.

26. Hairston denies the allegations contained in numerical paragraph 26 of the Complaint, including all of its subparts.

27. The allegations contained in numerical paragraph 27 are statements of law to which no response is required. To the extent that a response is required, Hairston denies the allegations in Paragraph 27. To the extent that numerical paragraph 27 suggests Hairston sexually assaulted Plaintiff, Hairston denies same.

28. Hairston denies the allegations contained in numerical paragraph 28 of the Complaint, including all of its subparts.

29. The allegations contained in numerical paragraph 29 are statements of law to which no response is required. To the extent that a response is required, Hairston denies the allegations in Paragraph 29. To the extent that numerical paragraph 29 suggests Hairston sexually assaulted Plaintiff, Hairston denies same.

30. Hairston denies the allegations contained in numerical paragraph 30 of the Complaint, including all of its subparts.

31. Hairston denies the allegations contained in numerical paragraph 31 of the Complaint.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. In response to Paragraph 32, Hairston incorporates his foregoing responses.

33. The allegations contained in numerical paragraph 33 are statements of law to which no response is required. To the extent that a response is required, Hairston denies the allegations in Paragraph 33. To the extent that numerical paragraph 33 suggests Hairston engaged in extreme and outrageous conduct, Hairston denies same.

34. Hairston denies the allegations contained in numerical paragraph 34 of the Complaint.

35. Hairston denies the allegations contained in numerical paragraph 35 of the Complaint.

36. Hairston denies the allegations contained in numerical paragraph 36 of the Complaint.

37. Hairston denies the allegations contained in numerical paragraph 37 of the Complaint.

38. Hairston denies the allegations contained in numerical paragraph 38 of the Complaint.

39. Hairston denies the allegations contained in numerical paragraph 39 of the Complaint.

40. Hairston denies any and all allegations contained in the Complaint not explicitly admitted herein.

### FIRST DEFENSE

The Complaint fails to state a claim or cause of action upon which relief may granted against Hairston.

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, release, unclean hands, or other equitable doctrines.

## FOURTH DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, because Hairston has committed no act or omission causing damage to Plaintiff.

## FIFTH DEFENSE

The damages claimed by Plaintiff are too speculative to support any cognizable claim for relief.

## SIXTH DEFENSE

Hairston specifically relies upon the affirmative defense found in Federal Rule of Civil Procedure 8(c) and hereby reserves the right to amend his Answer to the Complaint to specifically plead any and all defenses found therein as necessitated by the proof discovered.

## SEVENTH DEFENSE

Without admitting any of the allegations in the Complaint, and expressly denying same, Hairston asserts that Plaintiff's claims are barred, in whole or in part, by the doctrine of consent. Any contact or interaction between Plaintiff and Hairston was undertaken with Plaintiff's knowing, voluntary, and lawful consent. To the extent that Plaintiff alleges other claims arising in tort from the alleged acts, such actions were consented to and Plaintiff is precluded from recovering on such claims.

**EIGHTH DEFENSE**

Plaintiff's claims are barred or limited, in whole or in part, for a lack of damages and/or injury in fact.

**NINTH DEFENSE**

The claim for punitive damages should be dismissed because any punitive damage award under Kentucky law, without bifurcating the trial and trying the punitive damage issues if and only if liability is found on the merits, would violate Hairston's due process rights as guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Constitution of the Commonwealth of Kentucky.

**TENTH DEFENSE**

The claim for punitive damages should be dismissed because a punitive damage award under Kentucky law, which is not subject to a pre-determined limit on the amount of punitive damages that a jury may impose, would violate Hairston's due process rights as guaranteed by the Constitution of the Commonwealth of Kentucky and would violate the excessive fines provision of Section 17 of the Constitution of the Commonwealth of Kentucky.

**ELEVENTH DEFENSE**

The claim for punitive damages should be dismissed because a jury, under Kentucky law, (1) is not provided with sufficient standards of clarity for determining the appropriateness and amount of a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principals of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of a punitive damage award, in whole or in part, on the basis of invidious discriminatory characteristics, including the residence and wealth of Hairston; (4) is permitted to award punitive damages under a vague and

arbitrary standard that does not sufficiently define the conduct or mental state that makes punitive damages permissible; and (5) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of an objective standard. For the foregoing reasons, a punitive damage award would violate Kentucky law and Hairston's due process and equal protection rights as guaranteed under the Fourteenth Amendment of the United States Constitution and the Constitution of the Commonwealth of Kentucky.

### TWELTH DEFENSE

The claim for punitive damages should be dismissed as being in violation of the United States Constitution, including but not limited to the Fifth and Eighth Amendments, as applied to the States through the Fourteenth Amendment of the United States Constitution.

### THIRTEENTH DEFENSE

The claim for punitive damages should be dismissed as being in violation of the Constitution of the Commonwealth of Kentucky, including but not limited to Articles 2, 17 and 26.

### FOURTEENTH DEFENSE

The claim for punitive damages is not permitted without proof of each and every element beyond a reasonable doubt and, as such, violates Hairston's due process rights as guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provision of the Constitution of the Commonwealth of Kentucky.

### FIFTEENTH DEFENSE

The claim for punitive damages should be dismissed because any award of punitive damages, under the law of the Commonwealth of Kentucky, without the same protection afforded to criminal Defendants, including but not limited to, protection against unreasonable searches and

seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, speedy trial and the effective assistance of counsel, would violate Hairston's rights under the Fourteenth Amendment of the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment in Sections 2, 3, 7, 10, 11, 12, 13, 14, 17, and 26 of the Constitution of the Commonwealth of Kentucky.

### SIXTEENTH DEFENSE

Hairston demands a trial by jury.

### SEVENTEENTH DEFENSE

Hairston hereby preserves all rights afforded to him pursuant to Federal Rule of Civil Procedure 12(h), and all rights pursuant to Federal Rule of Civil Procedure 15 to subsequently amend this Answer in order to clarify or add, if necessary, any such affirmative defenses or other defenses pertinent to this action.

Respectfully submitted,

*/s/ Andrew L. Sparks*
Brian M. Johnson
Andrew L. Sparks
Kyle A. Girouard
DICKINSON WRIGHT PLLC
300 West Vine Street, Suite 1700
Lexington, Kentucky 40507
E-mail:
bjohnson@dickinsonwright.com
apsarks@dickinsonwright.com
kgirouard@dickinsonwright.com
(859) 899-8700 – telephone
(844) 670-6009 - facsimile
COUNSEL FOR MAXWELL HAIRSTON

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of September, 2025, I served the foregoing via e-mail to the following counsel of record:

David G. Bryant
David Bryant Law, PLLC
600 W. Main St., Ste. 100
Louisville, KY 40202
Tel: 502-540-1221
Fax: 503-540-1200
david@davidbryantlaw.com

Jonathan P. Mincieli
Lauren E. Edmunds
Meyers & Flowers, LLC
3 N 2nd St. Suite 300
St. Charles, IL 60174
jpm@meyers-flowers.com
lee@meyers-flowers.com
630-232-6333

                                        */s/ Andrew L. Sparks*
                                        Andrew L. Sparks